# IMPORTANT NOTICE
## <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

# $\mathfrak{Supreme\ Court\ of\ Kentucky}$

2008-SC-000906-MR

MERLIN D. OVERHOLT                                    APPELLANT

               ON APPEAL FROM LOGAN CIRCUIT COURT
V.                  HONORABLE TYLER L. GILL, JUDGE
                     CASE NO. 08-CR-00076

COMMONWEALTH OF KENTUCKY                        APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Merlin Overholt appeals as a matter of right from a judgment of the Logan Circuit Court entered upon a conditional guilty plea to one count of first-degree sodomy and six counts of first-degree sexual abuse. Overholt was sentenced to 35 years for the sodomy offense and five years for each of the six sexual abuse offenses, the latter sentences to run concurrently with the sodomy sentence for a total of 35 years imprisonment. Although a 149-count indictment was returned against Overholt, the plea agreement pared the case down to the aforementioned seven charges involving multiple victims. While the investigation of Overholt was prompted by the specific allegations of one child victim in January 2008, the remaining charges relating to other victims resulted from Overholt's taped confession. In his conditional guilty plea, Overholt reserved the right to appeal the trial court's denial of his motion to

suppress his confession and that suppression decision forms the sole basis for this appeal. Overholt contends that his confession was obtained through police coercion while he was in custody, in the absence of *Miranda* warnings. Consequently, he argues, the trial court erred in refusing to suppress the confession. Discerning no error in the trial court's ruling, we affirm the judgment.

## RELEVANT FACTS

On the evening of January 29, 2008, the parents of a four-year-old child arrived at Overholt's home and confronted him with sexual abuse allegations that the child had made against him. Earlier that day, the child had been left in the care of Overholt and his wife, who ran an informal daycare in their home. After confronting Overholt, the parents took the child to the hospital for an examination, whereupon Kentucky State Police Trooper, Brad Bowles, was called to investigate the sexual abuse complaint. Upon learning that Overholt was the alleged perpetrator, Trooper Bowles went to Overholt's home. At Trooper Bowles' request, Overholt followed him to the Logan County Sheriff's office to discuss the complaint. Trooper Bowles interviewed Overholt for a little over an hour, during which time Overholt confessed to several instances of sexual abuse of various children who had been left in his and his wife's care. Consequently, a Logan County Grand Jury issued a 149-count indictment against Overholt. The charges, which stemmed from Overholt's confession to various acts involving ten different minors, included sodomy, sexual abuse, and unlawful transaction with a minor. When the trial court denied Overholt's

motion to suppress his confession, he entered a conditional plea to the seven offenses noted above, reserving the right to appeal the trial court's suppression ruling.

## ANALYSIS

Overholt contends that his interview with Trooper Bowles constituted a custodial interrogation and that his resulting confession must be suppressed because Trooper Bowles failed to advise him of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966). Although *Miranda* warnings are not mandated prior to questioning an individual merely because that individual is the focus of a criminal investigation, if the individual is placed in custody then *Miranda* warnings are necessary prior to questioning. *Callihan v. Commonwealth*, 142 S.W.3d 123 (Ky. 2004). The test for determining whether a person was in custody is whether a reasonable person would have believed that he or she was free to leave, considering the surrounding circumstances. *Baker v. Commonwealth*, 5 S.W.3d 142, 145 (Ky. 1999) *citing United States v. Mendenhall*, 446 U.S.544 (1980).

The trial court's determination of whether an individual was in custody for *Miranda* purposes is a mixed question of law and fact subject to a *de novo* review. *Commonwealth v. Lucas*, 195 S.W.3d 403, 405 (Ky. 2006). The trial judge's factual findings are conclusive if supported by substantial evidence. *Id.*

Overholt contends that when Trooper Bowles told him that he needed Overholt to come to the Logan County Sheriff's office to discuss the allegations, Overholt believed that he was under arrest and had no choice but to follow

3

Trooper Bowles to that office. However, at the beginning of the interview, Trooper Bowles specifically told Overholt that he was not under arrest and confirmed that Overholt had voluntarily come into the sheriff's office. Overholt affirmatively verified these statements. Trooper Bowles then asked Overholt if he knew why he had asked him to come in and talk with him. Overholt answered affirmatively and began discussing the confrontation with the one victim's parents earlier in the evening, the event that had prompted Trooper Bowles' visit to Overholt's house.

Although custody for *Miranda* purposes occurs when the police restrain the liberty of an individual by some form of physical force or show of authority, *Lucas, supra,* whether the individual's liberty has been restrained is not determined by the individual's subjective belief, but rather by whether a reasonable person would have felt that he or she was not free to leave. *Id.* at 406 *citing Berkemer v. McCarty,* 468 U.S. 420 (1984). Nor does custody depend upon the subjective view of the officer, but, again, upon "the objective circumstances of the interrogation." *Id.* at 406. *See also Stansbury v. California,* 511 U.S. 318 (1994). Here, Overholt was specifically informed prior to questioning that he was not under arrest, and he acknowledged that he had not been taken to the sheriff's office but had driven there voluntarily. Again, at the end of the interview, Overholt acknowledged that he had voluntarily participated in the interview. Moreover, as the trial court found, Overholt was never handcuffed or restrained. These factors obviously militate against a finding that he was in custody.

Overholt also points out that the interview room was small and that he was never offered food or drink or told that he could leave at anytime. A review of the taped interview reveals that the interview room was indeed a rather small, windowless room. However, it was roomy enough to accommodate a small table and a couple of chairs. Overholt was seated near the door and beside the table during the interview. Further, although occurring late at night, the interview lasted only a little over one hour.

Given all the circumstances, we cannot say that there was restraint on Overholt's liberty or freedom of movement to the degree associated with a formal arrest, as required to constitute custody. *Lucas*, 195 S.W.3d 403. Furthermore, the mere fact that the questioning took place at the sheriff's office did not, in and of itself, render Overholt in custody. *Oregon v. Mathiason*, 429 U.S. 492 (1977) (interviewee not in custody simply because he voluntarily submitted to questioning at police station).

The remainder of Overholt's argument focuses on the allegedly coercive questioning by Trooper Bowles. However, even in his brief to this Court, Overholt describes Trooper Bowles' tactics only as "veiled threats." A review of the taped interview reveals that Trooper Bowles' actions could best be characterized as firm urging to simply tell the truth and included Trooper Bowles commending Overholt for being there and for being willing to discuss his actions. The degree of coerciveness is relevant to the custody determination and courts consider specifically whether the officer uses a "tone of voice or language that would indicate that compliance with the officer's

5

request would be compelled," *Cecil v. Commonwealth,* 297 S.W.3d 12, 16 (Ky. 2009) (*citing United States v. Mendenhall, supra*). Trooper Bowles' comments to Overholt did not indicate, either by tone of voice or language used, that compliance was compelled. Furthermore, none of the other factors relevant to coerciveness in a custody determination were implicated here, such as the presence of several officers, the display of a weapon by an officer, or physically touching the suspect. *Id.* As such, we agree with the trial court's conclusion that Overholt was not in custody at the time of his confession.

## **CONCLUSION**

Based on the surrounding circumstances of Overholt's interview, he was not in custody when he provided a taped statement to Trooper Bowles. Accordingly, the trial court properly denied Overholt's motion to suppress his confession and the trial court's judgment is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

J. Stewart Wheeler
338 W. 4TH St.
P.O. Box 626
Russellville, KY 42276

COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

James Hays Lawson
Assistant Attorney General
Office of Criminal Appeals
Office of the Attorney General
1024 Capital Center Drive
Frankfort, KY 40601